IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

THE CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE COMPANY,　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　　　)
　　　　　vs.　　　　　　　　　　)　　　Case No.
　　　　　　　　　　　　　　　　　)
WINDWARD ROOFING &　　　　　　　)
CONSTRUCTION, INC.　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　919 S. Sacramento Blvd.　　 )
　　　Chicago, IL 60612　　　　　 )
　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
EXSELL, LLC　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　800 South Home　　　　　　　)
　　　Park Ridge, IL 60068　　　　)
　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
ALPHA CONSTRUCTION SERVICES, LLC )
　　　　　　　　　　　　　　　　　)
　　　1525 West Homer, Ste. 401　 )
　　　Chicago, IL 60642　　　　　 )
　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
SEDGWICK PROPERTIES DEVELOPMENT　)
CORPORATION　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　1525 West Homer, Ste. 302　 )
　　　Chicago, IL 60622　　　　　 )
　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
301 W. NORTH AVE., L.P.　　　　　)
　　　　　　　　　　　　　　　　　)
　　　2 Mid America Plz., Ste. 110)
　　　Oakbrook Terrace, IL 60181　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　 )

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, and for its Complaint for Declaratory Judgment against Defendants WINDWARD ROOFING & CONSTRUCTION, INC.; EXSELL, LLC; ALPHA CONSTRUCTION SERVICES, LLC; SEDGWICK PROPERTIES DEVELOPMENT CORPORATION; and 301 W. NORTH, L.P., hereby states as follows:

### Allegations Common to All Counts

A.    Parties

1.    Plaintiff THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY (hereinafter "Cincinnati") is an insurance company organized in the State of Ohio and with its principal place of business located in the state of Ohio and which insures risks in the state of Illinois.

2.    Defendant WINDWARD ROOFING & CONSTRUCTION, INC. (hereinafter "Windward") is a corporation organized in the state of Illinois and with its principal place of business in the state of Illinois. Defendant can be served via its registered agent, Randall B. Kuhn at 919 S. Sacramento Blvd., Chicago, IL 60612.

3.    Defendant EXSELL, LLC (hereinafter "Exsell") is a limited liability company organized in the state of Illinois and with its principal place of business in the state of Illinois. Defendant can be served via its registered agent, Amy Sellergren, at 800 South Home, Park Ridge, IL 60068.

4.    Defendant ALPHA CONSTRUCTION SERVICES, LLC (hereinafter "Alpha") is a limited liability corporation organized in the state of Delaware and with its principal place of business in the state of Illinois. Defendant can be served via its registered agent, Elizabeth Cohn,

2

at 1525 West Homer, Ste. 401, Chicago, IL 60642.

5.     Defendant SEDGWICK PROPERTIES DEVELOPMENT CORP. (hereinafter "Sedgwick") is a corporation organized in the state of Illinois and with its principal place of business in the state of Illinois. Defendant can be served via its registered agent, Beth Paris, at 1525 West Homer, Ste. 302, Chicago, IL 60622.

6.     Defendant 301 W. NORTH AVE., L.P. (hereinafter "301 W. North") is an entity organized in the state of Delaware and with its principal place of business in the state of Illinois. Defendant can be served via its registered agent, Channing Hesse, at 2 Mid America Plz., Ste. 110, Oakbrook Terrace, IL 60181.

7.     Plaintiff and Defendants are residents of different states. The amount in controversy in this action exceeds $75,000.

8.     Jurisdiction and venue are proper in this Court.

9.     28 U.S. Code § 2201 provides that this court "may declare the rights and other legal relations of any interested party seeking such declaration . . ." 28 U.S.C. §2201(a).

B.     Underlying Litigation

10.     On or about June 5, 2020, Eleazar Renteria (hereinafter "Renteria") filed a Complaint in the Circuit Court of Cook County against Alpha, Sedgwick and Exsell (hereinafter "the Lawsuit"). On or about March 2, 2021, Renteria filed an Amended Complaint adding 301 W. North as a party Defendant. A copy of the Amended Complaint is attached as Exhibit A.

11.     Windward was not named by Plaintiff as a Defendant in the Lawsuit.

12.     In the Lawsuit, Renteria alleges that he was working on a jobsite as an employee of Windward. See Exhibit A, ¶ 9.

13.     Renteria further alleges that the property where the jobsite was located was owned

by 301 W. North. 301 W. North hired Sedgwick as a property manager, which in turn hired Alpha as a general contractor for the project. See Exhibit A, ¶ 27-28.

14.     Renteria further alleges that Windward was a masonry subcontractor of Alpha, the general contractor for the construction project in question. See Exhibit A, 9.

15.     Renteria alleges that on May 29, 2018 he was working on the jobsite and sustained injury when an employee of Exsell knocked a piece of metal off of the scaffolding, striking him. See Exhibit A, ¶ 12.

16.     Count I of the Lawsuit alleges negligence on the part of Alpha. See Exhibit A, ¶ 13.

17.     Count I of the Lawsuit seeks judgment against Alpha in excess of $50,000.

18.     Count II of the Lawsuit alleges similar acts of negligence against Exsell. See Exhibit A, ¶ 23.

19.     Count II of the Lawsuit seeks judgment against Exsell in excess of $50,000.

20.     Count III of the Lawsuit alleges negligence on the part of 301 W. North. See Exhibit A, ¶ 37.

21.     Count III of the Lawsuit seeks judgment against 301 W. North in excess of $50,000.

22.     Count IV of the Lawsuit alleges negligence on the part of Sedgwick. See Exhibit A, ¶ 51.

23.     Count IV of the Lawsuit seeks judgment against Sedgwick in excess of $50,000.

24.     On November 13, 2020, Alpha and Sedgwick filed a Third-Party Complaint for Express Indemnity and Contribution against Windward and Exsell (hereinafter "Alpha Complaint"). A copy of the Third Party Complaint is attached hereto as Exhibit B.

25.     Count I of the Alpha Complaint for Express Indemnity alleges that Windward was

contractually obligated to indemnify Alpha and/or Sedgwick. See Exhibit B, ¶ 20.

26.    Count I of the Alpha Complaint alleges that Renteria was an employee of Windward. See Exhibit B, ¶ 14, 21.

27.    Count II of the Alpha Complaint for Contribution alleges that Windward owed a duty as Renteria's employer to exercise reasonable care for his safety; to train Renteria; and to ensure the area where he worked was safe. See Exhibit B, ¶ 31-33.

28.    Counts III and IV for the Alpha Complaint are directed at Exsell.

29.    On December 16, 2020, Exsell filed a Third Party Complaint for Contribution against Windward (hereinafter "Exsell Complaint"). A copy of the Third Party Complaint is attached hereto as Exhibit C.

30.    The Exsell Complaint alleges that Renteria was an employee of Windward. See Exhibit C, ¶ 3.

31.    The Exsell Complaint alleges that Windward had a duty to exercise reasonable care for persons at the construction site, including its employee Renteria. See Exhibit C, ¶ 4.

B.    <u>Insurance Policy</u>

32.    Cincinnati issued liability insurance policy number CSU0096894 to Windward (hereinafter "the Policy"). A true and accurate copy of the Cincinnati policy is attached as Exhibit D.

33.    Coverage A of the Policy for bodily injury and property damage contains an "Employer's Liability" exclusion which states as follows:

A.    Exclusion **e.** of Paragraph **2., Exclusions** of **Section I-Coverage A— Bodily Injury and Property Damage Liability** is deleted and replaced by the following:

"Bodily injury" to:

1.    An "employee" of the insured arising out of and in the course of:

        **a.**      Employment by the insured; or

        **b.**      Performing duties related to the conduct of the insured's business; or

**2.**      The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **1.** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of assumption of liability in an "insured contract" or agreement.

**B.**      The following definitions are added and apply with respect to this endorsement:

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer...

34.      The policy also included an exclusion for "Bodily Injury to Contractors' or Subcontractors' Employees" which states as follows:

**A.**      The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**:

        **2.**      **Exclusions**

        This insurance does not apply to:

        "Bodily injury" to:

        **a.**      Any "employee" of any:

            **(1)**      "Contractor;" or

            **(2)**      "Subcontractor"; and

                **(a)**      Arising out of and in the course of

                    **1)**      Employment; or

                    **2)**      Performing duties related to the conduct of an insured's business or the business of a "contractor" or "subcontractor"…

This exclusion applies:

6

(1)     Whether an insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury, including any obligation to pay damages by reason of the assumption of liability in a contract or agreement.

**B.**     The following definitions are added and apply with respect to this endorsement:

"Contractor" and/or "Subcontractor" means a person, company or organization who agrees in any oral or written contract or agreement with any person or organization to undertake to perform work; to perform a service; or to complete a job.

"Employee" under this endorsement means any person who is hired for a wage, salary, fee or payment to perform work. "Employee" includes any leased worker or temporary worker, loaned worker, "volunteer worker", 1099 worker, "casual worker" or day laborer…

35.     Alpha has also made a demand for coverage as an additional insured on Cincinnati's insurance policy.

36.     Cincinnati has issued a denial of coverage for Alpha, Sedgwick and 301 W. North as additional insureds.

37.     Cincinnati has also issued a denial of coverage to Windward on the Third Party Complaints filed by Alpha and Exsell.

<u>**COUNT I**</u>
<u>**Declaratory Judgment –Additional Insureds**</u>

38.     Cincinnati hereby incorporates the allegations in Paragraphs 1-37 of its Cross-Claim Complaint, as if set forth fully herein.

39.     There is no coverage for Alpha, Sedgwick or 301 W. North as additional insureds under Cincinnati's policy.

40.     The policy contains an exclusion for bodily injury to the employee of any contractor or subcontractor arising out of employment or "Performing duties related to the conduct of an

insured's business or the business of a 'contractor' or 'subcontractor'."

41.     At the time of the incident alleged in the Lawsuit, Windward was serving as a subcontractor of Alpha on the construction project.

42.     Windward falls under the definition of "contractor" and/or "subcontractor" as defined in the exclusion.

43.     Renteria's injuries alleged in the Lawsuit arose out of and in the course of his employment with Windward, and/or while performing duties related to the conduct of the business of Windward, a contractor and/or subcontractor.

44.     Alpha is alleged to have been hired by Sedgwick to serve as general contractor for a construction project on property owned by 301 W. North and managed by Sedgwick.

45.     Renteria's injuries alleged in the Lawsuit arose out of an in the course of performing duties related to the conduct of the business of Alpha, Sedgwick and 301 W. North.

46.     Coverage for Alpha, Sedgwick and 301 W. North as additional insureds is barred by the exclusion for bodily injury to employees of contractors or subcontractors.

47.     Alternatively, Renteria's injuries alleged in the Lawsuit arose out of and in the course of Renteria's employment by Windward, the named insured under Cincinnati's policy.

48.     The policy excludes coverage for injuries to employees of the insured in the course of employment or performing duties related to the conduct of the insured's business.

49.     Coverage under Cincinnati's policy is, alternatively, barred by the exclusion for injury to employees of the insured.

50.     There is no coverage under Cincinnati's policy for Alpha, Sedgwick, and/or 301 W. North as an additional insured. Accordingly, Cincinnati has no obligation to defend or indemnify Alpha, Sedgwick, and/or 301 W. North for the allegations made in the Lawsuit.

WHEREFORE, Cincinnati requests that this Court enter a declaratory judgment:

a.     that the policy does not provide coverage to Alpha, Sedgwick and/or 301 W. North for the allegations made in the Lawsuit;

b.     that Cincinnati has no obligation to provide or contribute to the cost of a defense to Alpha, Sedgwick, and/or 301 W. North for the allegations made in the Lawsuit;

c.     that Cincinnati has no obligation to indemnify Alpha, Sedgwick, and/or 301 W. North for any judgment entered against it on the Lawsuit;

d.     and for any other relief this Court deems appropriate under the circumstances.

**COUNT II**
**Declaratory Judgment – Alpha Complaint**

51.     Cincinnati hereby incorporates the allegations in Paragraphs 1-50 of its Complaint, as if set forth fully herein.

52.     There is no coverage under the Cincinnati policy for the allegations against Windward in the Alpha Complaint.

53.     The policy excludes coverage for injuries to employees of the insured in the course of employment or performing duties related to the conduct of the insured's business.

54.     This exclusion applies to any obligation to share damages with or repay someone else who must pay damages because of the injury.

55.     At the time of the incident alleged in the Lawsuit, Windward was serving as a contractor and/or subcontractor on a construction project.

56.     At the time of the incident alleged in the Lawsuit, Renteria was an employee of Windward and was working on the construction project.

9

57.    Renteria's injuries alleged in the Lawsuit arose out of and in the course of his employment by Windward, and/or arose out of and in the course of performing duties related to the conduct of Windward's business.

58.    Accordingly, there is no coverage available to Windward under the policy by reason of the Employer's Liability exclusion.

59.    There is no coverage for Windward under Policy for injuries sustained by Renteria. Accordingly, Cincinnati has no obligation to defend or indemnify Windward for the allegations made against it in the Alpha Complaint.

WHEREFORE, Cincinnati requests that this Court enter a declaratory judgment:

a.    that policy does not provide coverage to Windward for the allegations made in the Alpha Complaint;

b.    that Cincinnati has no obligation to provide a defense to Windward for the allegations made in the Alpha Complaint;

c.    that Cincinnati has no obligation to indemnify Windward for any judgment entered against it on the Alpha Complaint;

d.    and for any other relief this Court deems appropriate under the circumstances.

### COUNT III
### Declaratory Judgment – Exsell Complaint

60.    Cincinnati hereby incorporates the allegations in Paragraphs 1-59 of its Complaint, as if set forth fully herein.

61.    There is no coverage under the Cincinnati policy for the allegations against Windward in the Exsell Complaint.

62.    The policy excludes coverage for injuries to employees of the insured in the course

of employment or performing duties related to the conduct of the insured's business.

63.     This exclusion applies to any obligation to share damages with or repay someone else who must pay damages because of the injury.

64.     At the time of the incident alleged in the Lawsuit, Windward was serving as a contractor and/or subcontractor on a construction project.

65.     At the time of the incident alleged in the Lawsuit, Renteria was an employee of Windward and was working on the construction project.

66.     Renteria's injuries alleged in the Lawsuit arose out of and in the course of his employment by Windward, and/or arose out of and in the course of performing duties related to the conduct of Windward's business.

69.     Accordingly, there is no coverage available to Windward under the policy by reason of the Employer's Liability exclusion.

70.     There is no coverage for Windward under Policy for injuries sustained by Renteria. Accordingly, Cincinnati has no obligation to defend or indemnify Windward for the allegations made against it in the Exsell Complaint.

WHEREFORE, Cincinnati requests that this Court enter a declaratory judgment:

    a.      that policy does not provide coverage to Windward for the allegations made in the Exsell Complaint;

    b.      that Cincinnati has no obligation to provide a defense to Windward for the allegations made in the Exsell Complaint;

    c.      that Cincinnati has no obligation to indemnify Windward for any judgment entered against it on the Exsell Complaint;

    d.      and for any other relief this Court deems appropriate under the

circumstances.

Respectfully submitted,

/s/ C. Zachary Vaughn

C. Zachary Vaughn, #6288673
WIEDNER & McAULIFFE, LTD.
8000 Maryland Ave., Suite 550
St. Louis, Missouri 63105
(314) 721-3400 – telephone
(314) 725-5755 – fax
czvaughn@wmlaw.com