FILED DATE: 3/2/2021 11:43 AM   2020L005803

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ELEAZAR RENTERIA, | ) |
| Plaintiff, | ) Case No. 2020L005803 |
| v. | ) |
| ALPHA CONSTRUCTION SERVICES, LLC D/B/A SEDGWICK PROPERTIES, SEDGWICK PROPERTIES DEVELOPMENT CORP, AND EXSELL, LLC D/B/A EXSELL CONSTRUCTION SERVICES, | ) FILED<br>3/2/2021 11:43 AM<br>IRIS Y. MARTINEZ<br>CIRCUIT CLERK<br>COOK COUNTY, IL<br>2020L005803 |
| Defendants. | ) |
| WINDWARD ROOFING & CONSTRUCTION, INC., Third Party Defendant | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### COUNT I—NEGLIGENCE v. ALPHA CONSTRUCTION SERVICES, LLC -- GENERAL CONTRACTOR

NOW COMES, the Plaintiff, ELEAZAR RENTERIA (hereinafter "RENTERIA") by and through his attorneys, BERG & BERG, and complains of the Defendant, ALPHA CONSTRUCTION SERVICES, LLC, as follows:

1. On and around May 29, 2018, Defendant ALPHA CONSTRUCTION SERVICES, LLC (hereinafter "ALPHA"), was a corporation doing business in Illinois.

2. On and around the above date, ALPHA was working on or around the premises AT 301 W. North Avenue, Chicago, Cook County, Illinois (hereinafter, the "Construction site"].

3. On and around the above date, the ALPHA was the general contractor for a building that was being built at the Construction site.

4. ALPHA as general contractors, through their agents and employees, possessed, managed, maintained supervised, controlled and were in charge of the Construction site, including the safety of the work site.

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM 2020L005803

5. As general contractors, ALPHA hired various subcontractors to perform work at the construction site.

6. The hired subcontractors therefore became the agents of ALPHA.

7. In addition thereto, ALPHA had the authority to stop the work of the subcontractors and order changes to how, where and when the subcontractors performed their work, including but not limited to scheduling subcontractor work, sharing resources and controlling which subcontractors could be in certain areas of the project at a given time.

8. In addition thereto, at that time and place, the Defendant, ALPHA, had the authority to stop the work, in the event the work being performed by a subcontractor was being done in a dangerous manner.

9. On May 29, 2018, the Plaintiff, ELEAZAR RENTERIA was working on the jobsite as an employee of WINDWARD ROOFING AND CONSTRUCTION, INC., a mason subcontractor.

10. On or about the above date, Defendant, ALPHA, owed a duty of reasonable care to the Plaintiff, RENTERIA.

11. On or about the above date, Defendant, ALPHA ordered, allowed or instructed workers from EXSELL, a window subcontractor, to work on scaffolding above RENTERIA.

12. While EXSELL was working above RENTERIA, an agent of EXSELL, knocked a piece of metal or iron off of the scaffolding, causing it to strike RENTERIA, injuring him.

13. Defendant ALPHA was negligent in that it:

   a. Carelessly and negligently directly or through their agents did work above RENTERIA when there was a danger that people could drop things on RENTERIA who was below;

   b. Allowed an unsafe, unprotected and unguarded condition to exist, in that scaffolding materials were unsecured which they knew or should have known existed prior to this occurrence.

   c. Failed to properly oversee the job site safety of which it had primary responsibility.

   d. Failed to provide for frequent and regular inspections of the job site by competent persons, as required by OSHA Standard 1926.20, and residential construction custom and practice.

   e. Failed to provide protection to RENTERIA from falling hazards as required by OSHA standards 1910.28.

   f. Allowed debris and unsecured objects to rest on the scaffold in violation of OSHA standard 1926.451(f)(13).

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM  2020L005803

g. Failed to provide falling object protection to RENTERIA in violation of OSHA standard 1926.451(h)(1) in that they did not provide additional protection from falling hand tools, debris, and other small objects through the installation of toeboards, screens, or guardrail systems, or through the erection of debris nets, catch platforms, or canopy structures that contain or deflect the falling objects.

h. Failed to barricade the area below the scaffold where objects could fall, and allowed RENTERIA to enter this area in violation of OSHA standard 1926.451(h)(2)(ii)

i. Failed to erect canopy structures, debris nets or catch platforms strong enough to protect RENTERIA from potential falling objects as required by OSHA standard 1926.451(h)(2)(v).

j. Failed to erect a canopy between RENTERIA and the falling object hazard as required by OSHA standard 1926.451(h)(3)(i).

k. Failed to properly supervise the work being done on the job site;

l. Failed to implement a written job site safety program.

m. Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendants knew, or in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the plaintiff;

n. Failed to provide a safe, suitable and proper place to work;

14. As a direct and proximate result of the Defendants ALPHA'S negligence on or about the above date, the Plaintiff, was hit by a falling piece of scaffold, severely injuring himself and suffering injuries of a personal, permanent and pecuniary nature.

15. As a result of his injuries, Plaintiff suffered both internally and externally of a permanent and lasting nature, which have caused and will continue to cause pain and suffering in body and mind; that Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; and Plaintiff, was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; and Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties and has sustained a loss of normal life.

WHEREFORE, Plaintiff, ELEAZAR RENTERIA seeks judgment against the Defendants, ALPHA CONSTRUCTION SERVICES, LLC for a sum in excess of $50,000.00.

### COUNT II—NEGLIGENCE v. EXSELL, LLC., d/b/a EXSELL CONSTRUCTION SERVICES, LLC – WINDOW SUBCONTRACTOR

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM 2020L005803

NOW COMES, the Plaintiff, ELEAZAR RENTERIA, by and through his attorneys, BERG & BERG, and complains of the DEFENDANT, EXSELL, L.L.C., d/b/a EXSELL CONSTRUCTION SERVICES, LLC aka EXSELL ( hereinafter "EXSELL") as follows:

1. Plaintiff re-alleges in this paragraph, paragraphs 1-15 of Count I.

16. On and around May 29, 2018, Defendant EXSELL was an Illinois corporation doing business in Illinois.

17. On and around the above date, Defendant EXSELL was working in its capacity as a window installation and construction sub-contractor on or around the premises, known as 301 W. North Avenue, Chicago, Cook County, Illinois [hereinafter the "Construction site"].

18. EXSELL, as window installation and construction sub-contractor, directly or through its agents and employees, managed, maintained supervised, controlled and was in charge of the window installation and construction work at the "Construction site."

19. EXSELL as window installation and construction sub-contractor, directly or through its agents and employees, was responsible for the protection of any other person working below them on scaffolding per OSHA rules and or regulations at the construction site.

20. EXSELL as window installation and construction sub-contractor, directly or through its agents and employees, was contractually responsible for the debris it caused to fall and injure others at the construction site.

21. On May 29, 2018, Plaintiff RENTERIA was lawfully on the Construction site working as a mason for WINDWARD ROOFING AND CONSTRUCTION, INC., another subcontractor.

22. On or about the above date, Defendant EXSELL owed a duty of reasonable care to Plaintiff RENTERIA.

23. EXSELL was negligent in that it:

   a. Carelessly and negligently directly or through their agents did work above RENTERIA when there was a danger that people could drop things on RENTERIA who was below;

   b. Allowed an unsafe, unprotected and unguarded condition to exist, in that scaffolding materials were unsecured which they knew or should have known existed prior to this occurrence;

   c. Failed to properly oversee the job site safety of which it had primary responsibility;

   d. Failed to provide for frequent and regular inspections of the job site by competent persons, as required by OSHA Standard 1926.20, and residential construction custom and practice;

**Exhibit A**

e. failed to provide protection to RENTERIA from falling hazards as required by OSHA standards 1910.28;

f. Allowed debris and unsecured objects to rest on the scaffold in violation of OSHA standard 1926.451(f)(13);

g. Failed to provide falling object protection to RENTERIA in violation of OSHA standard 1926.451(h)(1) in that they did not provide additional protection from falling hand tools, debris, and other small objects through the installation of toeboards, screens, or guardrail systems, or through the erection of debris nets, catch platforms, or canopy structures that contain or deflect the falling objects;

h. Failed to barricade the area below the scaffold where objects could fall, and allowed RENTERIA to enter this area in violation of OSHA standard 1926.451(h)(2)(ii);

i. Failed to erect canopy structures, debris nets or catch platforms strong enough to protect RENTERIA from potential falling objects as required by OSHA standard 1926.451(h)(2)(v);

j. Failed to erect a canopy between RENTERIA and the falling object hazard as required by OSHA standard 1926.451(h)(3)(i);

k. Failed to properly supervise the work being done on the job site;

l. Failed to implement a written job site safety program;

m. Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendants knew, or in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the plaintiff;

n. Failed to provide a safe, suitable and proper place to work;

24. As a direct and proximate result of Defendant EXSELL's negligence on or about the above date, Plaintiff RENTERIA was hit by a falling piece of scaffold, severely injuring himself and suffering injuries of a personal, permanent and pecuniary nature.

25. As a result of Defendant EXSELL's negligence, Plaintiff RENTERIA suffered injuries both internally and externally of a permanent and lasting nature, which have caused and will continue to cause pain and suffering in body and mind; Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; Plaintiff, was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties and has sustained a loss of normal life.

WHEREFORE, Plaintiff ELEAZAR RENTERIA seeks judgment against Defendant EXSELL, LLC for a sum in excess of $50,000.00.

**Exhibit A**

## COUNT III—NEGLIGENCE v. 301 W. NORTH AVE., LP – OWNER

NOW COMES Plaintiff ELEAZAR RENTERIA by and through his attorneys, BERG & BERG, and complains of Defendant 301 W. NORTH AVE., LP, (hereinafter "301 W. NORTH AVE.") as follows:

1. Plaintiff re-alleges in this paragraph, paragraphs 1 – 15 of Count I.

2. Plaintiff re-alleges in this paragraph, paragraphs 16 – 25 of Count II.

26. On and around May 29, 2018, Defendant 301 W. NORTH AVE. was a limited partnership doing business in Illinois.

27. On and around the above date, Defendant 301 W. NORTH AVE. owned the premises commonly known as 301 W. North Avenue, Chicago, Cook County, Illinois (hereinafter the "Construction site").

28. On and around the above date, 301 W. NORTH AVE. hired a property manager (SEDGWICK PROPERTIES DEVELOPMENT CORP.), a general contractor (ALPHA), and various subcontractors for a building that was being built at the Construction site.

29. 301 W. NORTH AVE. as owners of the Construction site, through their agents and employees, possessed, managed, maintained supervised, controlled and were in charge of the Construction site, including the safety of the work site.

30. The hired property manager, general contractor, and various subcontractors therefore became the agents of 301 W. NORTH AVE..

31. In addition thereto, 301 W. NORTH AVE. had the authority to stop the work of the property manager, general contractor, and various subcontractors and order changes to how, where and when they performed their work, including but not limited to scheduling subcontractor work, sharing resources and controlling which subcontractors could be in certain areas of the project at a given time.

32. In addition thereto, at that time and place, Defendant 301 W. NORTH AVE. had the authority to stop the work, in the event the work being performed by a subcontractor was being done in a dangerous manner.

33. On May 29, 2018, the Plaintiff, ELEAZAR RENTERIA was working on the jobsite as an employee of WINDWARD ROOFING AND CONSTRUCTION, INC., a mason subcontractor.

34. On or about the above date, Defendant, 301 W. NORTH AVE., owed a duty of reasonable care to the Plaintiff, RENTERIA.

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM 2020L005803

35. On or about the above date, Defendant 301 W. NORTH AVE. ordered, allowed or instructed workers from EXSELL, a window subcontractor, to work on scaffolding above RENTERIA.

36. While EXSELL was working above RENTERIA, an agent of EXSELL, knocked a piece of metal or iron off of the scaffolding, causing it to strike RENTERIA, injuring him.

37. Defendant 301 W. NORTH AVE. was negligent in that it:

a. Carelessly and negligently directly or through their agents did work above RENTERIA when there was a danger that people could drop things on RENTERIA who was below;

b. Allowed an unsafe, unprotected and unguarded condition to exist, in that scaffolding materials were unsecured which they knew or should have known existed prior to this occurrence.

c. Failed to properly oversee the job site safety of which it had primary responsibility.

d. Failed to provide for frequent and regular inspections of the job site by competent persons, as required by OSHA Standard 1926.20, and residential construction custom and practice.

e. Failed to provide protection to RENTERIA from falling hazards as required by OSHA standards 1910.28.

f. Allowed debris and unsecured objects to rest on the scaffold in violation of OSHA standard 1926.451(f)(13).

g. Failed to provide falling object protection to RENTERIA in violation of OSHA standard 1926.451(h)(1) in that they did not provide additional protection from falling hand tools, debris, and other small objects through the installation of toeboards, screens, or guardrail systems, or through the erection of debris nets, catch platforms, or canopy structures that contain or deflect the falling objects.

h. Failed to barricade the area below the scaffold where objects could fall, and allowed RENTERIA to enter this area in violation of OSHA standard 1926.451(h)(2)(ii)

i. Failed to erect canopy structures, debris nets or catch platforms strong enough to protect RENTERIA from potential falling objects as required by OSHA standard 1926.451(h)(2)(v).

j. Failed to erect a canopy between RENTERIA and the falling object hazard as required by OSHA standard 1926.451(h)(3)(i).

k. Failed to properly supervise the work being done on the job site;

**Exhibit A**

l.  Failed to implement a written job site safety program.

m.  Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendants knew, or in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the plaintiff;

n.  Failed to provide a safe, suitable and proper place to work;

38. As a direct and proximate result of Defendant 301 W. NORTH AVE.'s negligence on or about the above date, Plaintiff RENTERIA was hit by a falling piece of scaffold, severely injuring himself and suffering injuries of a personal, permanent and pecuniary nature.

39. As a result of Defendant 301 W. NORTH AVE.'s negligence, Plaintiff RENTERIA suffered injuries both internally and externally of a permanent and lasting nature, which have caused and will continue to cause pain and suffering in body and mind; Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; Plaintiff, was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties and has sustained a loss of normal life.

WHEREFORE, Plaintiff ELEAZAR RENTERIA seeks judgment against Defendant 301 W. NORTH AVE., LP, for a sum in excess of $50,000.00.

## COUNT IV—NEGLIGENCE v. SEDGWICK PROPERTIES DEVELOPMENT CORP, – PROPERTY MANAGER

NOW COMES, the Plaintiff, ELEAZAR RENTERIA, by and through his attorneys, BERG & BERG, and complains of Defendant SEDGWICK PROPERTIES DEVELOPMENT CORP. (hereinafter "SEDGWICK") as follows:

1.  Plaintiff re-alleges in this paragraph, paragraphs 1-15 of Count I.

2.  Plaintiff re-alleges in this paragraph, paragraphs 16-25 of Count II.

3.  Plaintiff re-alleges in this paragraph, paragraphs 26-39 of Count III.

40. On and around May 29, 2018, Defendant SEDGWICK. was an Illinois corporation doing business in Illinois.

41. On and around the above date, Defendant SEDGWICK was acting as the property for the premises commonly known as 301 W. North Avenue, Chicago, Cook County, Illinois (hereinafter the "Construction site").

42. On and around the above date hired a general contractor (ALPHA), and various subcontractors for a building that was being built at the Construction site.

8

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM 2020L005803

43. SEDGWICK, as property manager of the Construction site, through its agents and employees, possessed, managed, maintained supervised, controlled and was in charge of the Construction site, including the safety of the construction site.

44. The hired property manager, general contractor, and various subcontractors therefore became the agents of SEDGWICK.

45. In addition thereto, SEDGWICK had the authority to stop the work of the property manager, general contractor, and various subcontractors and order changes to how, where and when they performed their work, including but not limited to scheduling subcontractor work, sharing resources and controlling which subcontractors could be in certain areas of the project at a given time.

46. In addition thereto, at that time and place, Defendant 301 W. NORTH AVE. had the authority to stop the work, in the event the work being performed by a subcontractor was being done in a dangerous manner.

47. On May 29, 2018, the Plaintiff, ELEAZAR RENTERIA was working on the jobsite as an employee of WINDWARD ROOFING AND CONSTRUCTION, INC., a mason subcontractor.

48. On or about the above date, Defendant SEDGWICK owed a duty of reasonable care to Plaintiff RENTERIA.

49. On or about the above date, Defendant 301 SEDGWICK ordered, allowed or instructed workers from EXSELL, a window subcontractor, to work on scaffolding above RENTERIA.

50. While EXSELL was working above RENTERIA, an agent of EXSELL, knocked a piece of metal or iron off of the scaffolding, causing it to strike RENTERIA, injuring him.

51. Defendant SEDGWICK was negligent in that it:

   a. Carelessly and negligently directly or through their agents did work above RENTERIA when there was a danger that people could drop things on RENTERIA who was below;

   b. Allowed an unsafe, unprotected and unguarded condition to exist, in that scaffolding materials were unsecured which they knew or should have known existed prior to this occurrence.

   c. Failed to properly oversee the job site safety of which it had primary responsibility.

   d. Failed to provide for frequent and regular inspections of the job site by competent persons, as required by OSHA Standard 1926.20, and residential construction custom and practice.

   e. Failed to provide protection to RENTERIA from falling hazards as required by OSHA standards 1910.28.

9

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM   2020L005803

    f. Allowed debris and unsecured objects to rest on the scaffold in violation of OSHA standard 1926.451(f)(13).

    g. Failed to provide falling object protection to RENTERIA in violation of OSHA standard 1926.451(h)(1) in that they did not provide additional protection from falling hand tools, debris, and other small objects through the installation of toeboards, screens, or guardrail systems, or through the erection of debris nets, catch platforms, or canopy structures that contain or deflect the falling objects.

    h. Failed to barricade the area below the scaffold where objects could fall, and allowed RENTERIA to enter this area in violation of OSHA standard 1926.451(h)(2)(ii)

    i. Failed to erect canopy structures, debris nets or catch platforms strong enough to protect RENTERIA from potential falling objects as required by OSHA standard 1926.451(h)(2)(v).

    j. Failed to erect a canopy between RENTERIA and the falling object hazard as required by OSHA standard 1926.451(h)(3)(i).

    k. Failed to properly supervise the work being done on the job site;

    l. Failed to implement a written job site safety program.

    m. Failed to make a reasonable inspection of the premises and the work being done thereon, when the Defendants knew, or in the exercise of ordinary care, should have known, that said inspection was necessary to prevent injury to the plaintiff;

    n. Failed to provide a safe, suitable and proper place to work;

52. As a direct and proximate result of Defendant SEDGWICK's negligence on or about the above date, Plaintiff RENTERIA was hit by a falling piece of scaffold, severely injuring himself and suffering injuries of a personal, permanent and pecuniary nature.

53. As a result of Defendant SEDGWICK's negligence, Plaintiff RENTERIA suffered injuries both internally and externally of a permanent and lasting nature, which have caused and will continue to cause pain and suffering in body and mind; Plaintiff was caused to expend and in the future will be compelled to expend, large sums of money in endeavoring to be cured of said injuries; Plaintiff, was caused to and did lose much time from his employment, thereby incurring losses of large sums of money; Plaintiff has been and in the future will be prevented from attending to his usual affairs and duties and has sustained a loss of normal life.

    WHEREFORE, Plaintiff ELEAZAR RENTERIA seeks judgment against Defendant SEDGWICK PROPERTIES DEVELOPMENT CORP. for a sum in excess of $50,000.00.

Respectfully submitted,

**Exhibit A**

FILED DATE: 3/2/2021 11:43 AM 2020L005803

_____
Attorney for Plaintiff

| | |
|---|---|
| Attorney Name | Peter K. Berg |
| Firm Name | Berg & Berg |
| Attorney for | Eleazar Renteria |
| Firm Address | 2100 W. 35th St., Chicago, IL 60609 |
| Firm Phone | (773) 823-9000 |
| Attorney No. | 22980 |

**Exhibit A**